MEMORANDUM **
David Sharpe Marshall, a former inmate at the Dublin Federal Detention Center, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action, without prejudice, for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003), and may affirm on any basis supported by the record, Vestar Dev. II, LLC v. Gen. Dynamics Corp., 249 F.3d 958, 960 (9th Cir.2001). We affirm.
The district court properly dismissed the action because Marshall did not properly exhaust administrative remedies before filing his complaint in federal court. See Woodford v. Ngo, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (explaining that “proper exhaustion” requires adherence to administrative procedural rules). Even if Marshall was prevented from exhausting at the first level, he failed to await a second-level response before proceeding to the third level.
Because we affirm the district court’s dismissal based on non-exhaustion, we do *533 not consider whether Marshall should have been allowed to amend his complaint to add two defendants or whether the district court erred in denying his motion for reconsideration.
Marshall’s remaining contentions are unpersuasive.
Marshall’s pending motions are denied.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.